UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-CV-61153-RUIZ/STRAUSS

DRONE NERDS FRANCHISING LLC,

Plaintiff,

v.

KRISS CHILDRESS, *et al.*,

Defendants.
_____/

KRISS CHILDRESS,

Counter-Plaintiff,

v.

DRONE NERDS FRANCHISING, LLC,

Counter-Defendant.
_____/

REPORT AND RECOMMENDATION

THIS CAUSE came before me upon Defendant/Counter-Plaintiff's [("Defendant Childress'")] Motion for Attorneys' Fees and Costs (DE 83) (the "Motion"). The Motion has been referred to me to take all action as required by law pursuant to 28 U.S.C. § 636(b)(1)(A) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida. (DE 84). I have reviewed the Motion, the record in this case and am otherwise duly advised. For the reasons discussed herein, I RECOMMEND that the Motion (DE 83), be GRANTED IN PART and DENIED IN PART. Specifically, I recommend that attorneys' fees be awarded in the amount of $20,947.50 and that no costs be awarded.

I.      BACKGROUND

On May 7, 2019, Plaintiff/Counter-Defendant ("Plaintiff") brought suit against Defendants/Counter-Plaintiff alleging trademark infringement and related claims involving a

Franchise Agreement between the parties.  (DE 1).  On July 10, 2019, Defendants filed their Answer and brought a Counterclaim alleging that Plaintiff engaged in franchise sales activity that violated Federal Trade Commission ("FTC") regulations (C.F.R. § 436.1, the "FTC Franchise Rule"), the Florida Franchise Act, Fla. Stat., § 817.416 ("FFA"), and the Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.* ("FDUTPA") among other unspecified state laws and regulations.   (DE 22).   Defendants filed Defendants' Amended Answer, Affirmative Defenses and Counterclaim (DE 49) on October 2, 2019 with the same allegations as previously described relative to counterclaims.   The parties attended mediation on November 21, 2019; however, the case did not settle.  (DE 50).  On February 12, 2020, the District Court granted Plaintiff's counsel's motion to withdraw as counsel and ordered Plaintiff, as a corporation, to obtain new counsel and file notice of such by February 26, 2020.  Based upon a *sua sponte* review of the record, on March 11, 2020, the District Court dismissed the case without prejudice and directed the Clerk of the Court to enter default as to Defendant Childress' counterclaim because Plaintiff did not obtain new counsel as the Court ordered following withdrawal of Plaintiff's counsel.[1]  (DE 72).  Defendant Childress filed a motion for a Default Judgment on March 20, 2020 (DE 78) followed by a Memorandum of Law (DE 80), which the District Court granted in part on May 19, 2020 and entered a Final Default Judgment in favor of Defendant Childress the same day.   (DE 81; DE 82).

The Final Default Judgment awards the sum of $455,752,22 plus post judgment interest to Defendant Kriss Childress, and against Plaintiff, Drone Nerds Franchising, LLC.   (DE 82 at ¶¶1-2).   As set forth in paragraph 3 of the Final Default Judgment, the Court found that "Childress is **ENTITLED** to his reasonable attorneys' fees and costs" pursuant to the Franchise Agreement (DE 1-1) and sections 501.205 and 817.416 of the Florida Statutes and directed Defendant

---

[1] The District Court also observed that Plaintiff failed to make an appearance, as ordered (DE 65), at a Show Cause Discovery Hearing held on March 2, 2020.   (DE 72 at n. 1).

Childress to file a motion for attorneys' fees and costs on or before June 9, 2020.  Consequently, on June 9, 2020, Defendant Childress filed the instant Motion.  (DE 83).  Although the Motion contains a certificate of service reflecting that the Motion was served on Plaintiff, no response to the Motion has been filed, and the time to file a response has passed.

II.      DISCUSSION

Defendant Childress' Motion seeks $38,095.00 in attorney's fees and $2,435.15 in costs. (DE 83 at 3).  "Courts have discretion to award fees under FDUTPA."  *Hard Rock Cafe Int'l USA, Inc. v. RockStar Hotels, Inc.*, No. 17-CV-62013, 2019 WL 3412155, at *9 (S.D. Fla. May 20, 2019), *report and recommendation adopted*, No. 17-CV-62013, 2019 WL 3408888 (S.D. Fla. June 4, 2019) (citation omitted).  Also, "Fla. Stat. § 817.416(3) explicitly permits one who demonstrates a violation under the Act to recover 'all moneys invested in such franchise or distributorship' plus 'reasonable attorney's fees.'"  *Burger King Corp. v. Austin*, 805 F. Supp. 1007, 1026 (S.D. Fla. 1992).  Thus, as the Court previously found, Defendant is entitled to an award of reasonable attorneys' fees and costs against the Default Plaintiff.

A.      Reasonableness of Fees

When determining the reasonableness of attorneys' fees, courts begin by multiplying a reasonable hourly rate by the number of hours reasonably expended.  *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  The result of that calculation is known as the lodestar, *see id.* at 1301-02, which is "strongly presumed to be reasonable."  *Martinez v. Hernando Cnty. Sheriff's Office*, 579 F. App'x 710, 715 (11th Cir. 2014) (citations omitted).

The party seeking an award of fees has the burden of documenting the hours incurred and the applicable hourly rates.  *Norman*, 836 F.2d at 1303 (citing *Hensley*, 461 U.S. at 437).  Fee applicants are required to exercise billing judgment and to exclude entries that are excessive, redundant, or otherwise unnecessary.  *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 428

(11th Cir. 1999) (citing *Hensley*, 461 U.S. at 434).   Entries for clerical or administrative tasks

should also be excluded.   *See Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2

(S.D. Fla. Dec. 5, 2017) ("Purely clerical or secretarial tasks that require no legal skill or training,

such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing

or e-filing documents, should not be billed at a paralegal rate regardless of who performs them."

(citing *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999))).

It is axiomatic that hours that are unreasonable to bill to one's client are unreasonable to

bill to an adversary, "*irrespective of the skill, reputation or experience of counsel.*"   *Barnes*, 168

F.3d at 428 (quoting *Norman*, 836 F.2d at 1301).   If fee applicants fail to exercise billing

judgment, courts must do it for them.   *Id.*   A court "is itself an expert on the question and may

consider its own knowledge and experience concerning reasonable and proper fees and may form

an independent judgment either with or without the aid of witnesses as to value."   *Norman*, 836

F.2d at 1303 (citations omitted).

A fee summary from Attorney Robert M. Einhorn's Affidavit is shown below reflecting

the rates, hours, and amounts billed by attorneys, a law clerk, and a paralegal in this case:

Summary by Attorney/Paralegal:

| Timekeeper | Hourly Rate | Hours | Total |
|---|---|---|---|
| Robert M. Einhorn, Esq. | $750.00 | 19.7 | $14,775.00 |
| Alejandro Brito, Esq. | $725.00 | 5.8 | $ 4,205.00 |
| Alaina B. Siminovsky, Esq.[2] | $500.00 | 25.9 | $12,950.00 |
| Cecilia Hernandez, clerk | $200.00 | 28.2 | $ 5,640.00 |
| Aude Piriou, paralegal | $150.00 | 3.5 | $   525.00 |
| | | TOTAL: | $38,095.00 |

(DE 83-1 at ¶9).

      i.      Reasonableness of Hourly Rate

Defendant Childress requests that this Court find the hourly rates above to be reasonable

---

[2] Alaina B. Siminovsky is referenced as Alaina B. Karsten in Attorney Einhorn's Affidavit that
was submitted in support of the Motion.

stating in support the following:

1. Robert M. Einhorn, named partner and highly experienced commercial trial lawyer and member of the Florida Bar since 1990; $750.00 per hour . . .;

2. Alejandro Brito, named partner and highly experienced commercial trial lawyer and member of the Florida Bar since 1996; $725.00 per hour . . .;

3. Alaina B. Karsten, former partner and member of the Florida Bar since 2009; $500.00 per hour . . .;

4. Cecilia Hernandez, law clerk and recent law school graduate; $200.00 per hour . . .; and

4. (sic) Aude Piriou, paralegal; $150 per hour . . .;

(DE 83 at 3).  In a separate filing, counsel states that none of the attorneys in this case have received a fee award for their services in cases in the Southern District of Florida in the last two years.   (DE 86).

I should consider several factors in determining the prevailing market rate, such as "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (referring to factors set out in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-18 (5th Cir. 1974), *abrogated in part by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989)).   As the party seeking an award of fees, [Movant] has the burden of "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate."   *Barnes*, 168 F.3d at 427 (quoting *Norman*, 836 F.2d at 1303).   "A reasonable hourly rate is 'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'"   *Id.* at 436 (quoting *Norman*, 836 F.2d at 1299).   "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'"   *Id.* at 437 (citing *Cullens v. Georgia Dep't. of Transp.,* 29 F.3d 1489, 1494

5

(11th Cir.1994)).

Here, Defendant Childress does not carry his burden to justify the requested rates. Attorney Einhorn's Affidavit does nothing to further explain why the listed timekeepers are entitled to the hourly rates requested beyond what is in the Motion.   (DE 83-1).   Further, I find that the requested rates are too high.   Recent awards for lawyers experienced in complex areas of law, such as intellectual property, have been less.   *Boigris v. EWC P&T, LLC*, No. 19-21148-CIV, 2020 WL 1692013, at \*2–3 (S.D. Fla. Feb. 25, 2020), *report and recommendation adopted*, No. 19-21148-CIV, 2020 WL 1692080 (S.D. Fla. Mar. 16, 2020) (finding the appropriate rate at the partner level to be in the $400 range in a traditional intellectual property case and awarding $475 per hour for partner work and $350 per hour for associate work); *Newman v. Eduardo Meloni, P.A.*, No. 0:20-CV-60027-UU, 2020 WL 5269442, at \*2 (S.D. Fla. Sept. 4, 2020) (finding a $450 per hour requested rate reasonable in class action lawsuit for senior partner with sixteen years of experience and a $350 per hour requested rate reasonable for associate with more than five years of experience); *Berkley Vacation Resorts, Inc. v. Castle Law Grp., P.C.*, No. 18-CV-60309, 2019 WL 7344834, at \*2–3 (S.D. Fla. Nov. 18, 2019), *report and recommendation adopted*, No. 18-60309-CIV, 2019 WL 7344793 (S.D. Fla. Dec. 11, 2019) (finding the reduced hourly rates that were requested to be reasonable as follows: 1) $400 for partner and chair of litigation department with more than 41 years of experience litigating in state and federal courts; 2) $375 for partner with more than 15 years of experience litigating in state and federal courts; 3) 275 for senior counsel with more than 11 years of experience litigating in state and federal courts).

I find that a reasonable hourly rate for professionals assisting in this case are as follows based upon the above and my own knowledge regarding reasonable hourly rates in this community:

6

| Timekeeper | Hourly Rate |
|---|---|
| Robert M. Einhorn, Esq. | $475.00 |
| Alejandro Brito, Esq. | $450.00 |
| Alaina B. Siminovsky, Esq. | $350.00 |
| Cecilia Hernandez, clerk | $200.00 |
| Aude Piriou, paralegal | $150.00 |

The case at bar was not complex, and Defendant Childress won on the basis of default.   Defendant Childress argues that the work was performed in an efficient manner, but efficiency does not justify the requested hourly rates.   Accordingly, I recommend the above-reflected rates be awarded as reasonable hourly rates in this case.

   ii.   Reasonableness of Hours Expended

Defendant Childress has submitted billing records for a total of 83.10 hours, which I have carefully reviewed.  (DE 83-2).  The time records are sufficiently detailed to allow meaningful review, and most of the time requested seems necessary and reasonably expended.  I find, however, that not all of the time recorded is compensable because of time billed for matters which do not relate to this case and because of time spent on purely clerical matters.  Following is a listing of entries requiring deductions to the time requested:

| Billing Entries Deducted/Reduced | | | | | |
|---|---|---|---|---|---|
| Billed By | Hours Billed | Date | Description | Reason for Adjustment | Hours Deducted |
| RME | 0.40 | 2/14/2019 | Tele conf w/client re status and potential closure of business | Prior to case being filed | 0.40 |
| ALS | 2.50 | 3/14/2019 | Prepare Demand & Rescission Letter | Prior to case being filed | 2.50 |
| ALS | 0.50 | 3/21/2019 | Tele conf w/client | Prior to case being filed | 0.50 |
| RME | 0.50 | 3/21/2019 | Conf with Atty Karsten re status; tele conf with Attorney Karsten and client re same | Prior to case being filed | 0.50 |
| ALS | 0.80 | 4/4/2019 | Finalize letter; prepare and send email to client | Prior to case being filed | 0.80 |
| ALS | 0.40 | 4/5/2019 | Tele conf w/ client; prepare and send email re letter | Prior to case being filed | 0.40 |

| RME | 0.70 | 4/5/2019 | Conf with Atty Karsten re status and proposed demand letter; tele conf with Atty Karsten and client re same, letter, termination and strategy | Prior to case being filed | 0.70 |
|---|---|---|---|---|---|
| ALS | 0.10 | 4/8/2019 | Review and respond to client question re letter | Prior to case being filed | 0.10 |
| ALS | 0.50 | 4/12/2019 | Tele conf w/ client re default letter; finalize same; review and respond to client questions re royalties | Prior to case being filed | 0.50 |
| RME | 0.60 | 4/12/2019 | Tele conf with Atty Karsten and client re removal from website by franchisor; termination letter, status and strategy | Prior to case being filed | 0.60 |
| ALS | 0.30 | 4/15/2019 | Review/respond to email from o/c | Prior to case being filed | 0.30 |
| ALS | 0.30 | 5/20/2019 | Review/respond to client emails x2 | Prior to case being filed | 0.30 |
| ALS | 0.30 | 6/5/2019 | Cont'd negotiation w/client re retainer | Not related to case - deducted | 0.30 |
| ALS | 0.20 | 6/24/2019 | Review and respond to emails from client re potential sale | Not related to case - deducted | 0.20 |
| AP | 1.00 | 2/27/2020 | Tele conf w/Judge Strauss' office to schedule Order to Show Cause for 3/2, sent email to P/Counter-Def with Order and filed Notice of Compliance | Scheduling and filing are clerical - reduced by .5 | 0.50 |
| AP | 1.00 | 2/28/2020 | Prepared binders for Attys Einhorn and Brito for Order to Show Cause hearing on 3/2 | Clerical - deducted | 1.00 |
| AP | 1.00 | 3/2/2020 | Prepared witness files for Robert Weitzner, Alex Nafissy and Jerry Schneiderman for depositions | Clerical - deducted | 1.00 |
| RME | 0.60 | 3/10/2020 | Conf with Atty Brito re status and hearing on motion to compel; conf with AP re follow up on same; conf with CH re status of motion to strike pleadings and for summary judgment and separate state court lawsuit against principals. | Deducted .2 for work on state court case | 0.20 |
| AB | 1.00 | 4/3/2020 | Review draft of state court complaint | Not related to case - | 1.00 |

8

| | | | | | deducted | |
|---|---|---|---|---|---|---|
| RME | 0.30 | 4/8/2020 | Review/respond to emails w/Atty Brito and EF re status of Fed case and state court case against individuals | Deducted .2 for work on state court case | 0.20 |
| RME | 0.40 | 5/22/2020 | Review/respond to client emails re final default judgment; conf with law clerk re claims and revisions to State Court Complaint | Deducted .2 for work on state court case | 0.20 |
| CH | 3.00 | 5/23/2020 | Update Complaint | Not related to case - deducted | 3.00 |
| ALS | 0.20 | 7/18/2020 | Review/respond to email re mediation | Not related to case - deducted | 0.20 |
| Totals: | 16.60 | | | | 15.40 |

First, as reflected in the table above, time expended prior to Plaintiff filing this case is not compensable because it does not pertain to this case. The first billing entry pertaining to the case at bar is .30 hours billed by Attorney Einhorn (RME) on May 28, 2019 with the description: "Review lawsuit filed by Drone Nerds; conf. with NP regarding service of process." (DE 83-2 at 3). Therefore, time expended prior to the May 28, 2019 billing entry has been deducted. Second, negotiations with the client regarding the fee arrangements or work done regarding other business matters of the client are not reimbursable because these efforts, again, do not relate to the instant litigation. Accordingly, I have deducted time pertaining to these efforts. Third, time expended for work on a state court case is not compensable because such work likewise does not pertain to the matter at hand. Therefore, I have deducted the time spent on the state court case. Fourth, entries for clerical work are not compensable because courts consider such costs to be part of the overhead that a portion of counsel's billing rate is expected to cover. *See McDermott v. I.C. Sys., Inc.*, No. 09-81207-CIV, 2010 WL 11647513, at *4 (S.D. Fla. Nov. 10, 2010), *report and recommendation adopted,* No. 09-81207-CIV, 2010 WL 11647512 (S.D. Fla. Dec. 3, 2010) (finding that clerical work is "treated as part of the overhead of running a law practice"). Thus, I

have deducted time expended on clerical tasks.

Additionally, I previously awarded Defendant Childress sanctions in the amount of $2,005.00 for work concerning a Show Cause Discovery Hearing that I held on March 2, 2020. (DE 75).   For this reason, I find Defendant Childress' billings below to be duplicative:

| Billed By | Hours Billed | Date | Description | Reason for Adjustment | Hours Deducted |
|---|---|---|---|---|---|
| RME | 0.20 | 2/21/2020 | Review/revise demand letter to Drone Nerds re insufficient document production | Duplicative | 0.20 |
| AB | 0.60 | 2/27/2020 | Review Order to Show Cause and Notice of Hearing; confer with A. Piriou re service of Order, draft Notice of Compliance | Duplicative | 0.60 |
| AB | 2.00 | 3/2/2020 | Attend hearing on Order to Show Cause | Duplicative | 2.00 |
| RME | 0.20 | 3/2/2020 | Conf with AP re 3/2 discovery hearing and D's failure to appear | Duplicative | 0.20 |
| Totals: | 3.00 | | | | 3.00 |

Accordingly, as detailed above, I find that a total of 18.40 hours of the time requested is not compensable, with individual application as follows: 3.20 hours billed by Attorney Einhorn; 3.60 hours billed by Attorney Brito; 6.10 hours billed by Attorney Karsten (Siminovsky); 3.00 hours billed by Law Clerk, Hernandez; and 2.5 hours billed by Paralegal, Piriou.

Applying the determined reasonable hourly rates to the reduced billing time, I find that a reasonable amount of fees to award in this case is $20,947.50 as summarized by timekeeper below:

| Timekeeper | Hourly Rate | Hours | Total |
|---|---|---|---|
| Robert M. Einhorn, Esq. | $475.00 | 16.5 | $ 7,837.50 |
| Alejandro Brito, Esq. | $450.00 | 2.2 | $   990.00 |
| Alaina B. Siminovsky, Esq. | $350.00 | 19.8 | $ 6,930.00 |
| Cecilia Hernandez, clerk | $200.00 | 25.2 | $ 5,040.00 |
| Aude Piriou, paralegal | $150.00 | 1.0 | $   150.00 |
| | | TOTAL: | $20,947.50 |

B.       Reasonableness of Costs

Defendant Childress requests fees under Rule 54(d)(1) of the Federal Rules of Civil

Procedure in the total amount of $2,435.15.   Pursuant to Federal Rule of Civil Procedure 54,

"unless a federal statute, these rules, or a court order provides otherwise, costs . . . should be

allowed to the prevailing party."   Fed. R. Civ. P. 54(d)(1).   The Rule creates a strong presumption

in favor of awarding costs to a prevailing party.   *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846

F.3d 1159, 1166 (11th Cir. 2017) (citation omitted).   Although Rule 54 does give a court

discretion to deny costs, that discretion is "not unlimited."   *Id.*   "To overcome the presumption

and deny full costs under Rule 54(d), the trial judge must have and state a sound reason for doing

so."   *Id.* (internal quotation and citation omitted).   Furthermore, a court's discretion to award

costs under Rule 54 is limited by the categories of taxable costs specified in section 1920, absent

alternative statutory authority.   *Id.* (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Services Inc.*,

249 F.3d 1293, 1296 (11th Cir. 2001); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437,

441 (1987)).   Section 1920 provides that:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1)      Fees of the clerk and marshal;
>
> (2)      Fees for printed or electronically recorded transcripts necessarily obtained
>          for use in the case;
>
> (3)      Fees and disbursements for printing and witnesses;
>
> (4)      Fees for exemplification and the costs of making copies of any materials
>          where the copies are necessarily obtained for use in the case;
>
> (5)      Docket fees under section 1923 of this title;
>
> (6)      Compensation of court appointed experts, compensation of interpreters, and
>          salaries, fees, expenses, and costs of special interpretation services under
>          section 1826 of this title.

28 U.S.C. § 1920.

Although the burden falls on the losing party to demonstrate that a cost is not taxable, the

prevailing party "still bears the burden of submitting a request for [costs] that [will] enable the Court to determine what [costs] were incurred and whether [the prevailing party] is entitled to them." *Ferguson v. North Broward Hosp. Dist.*, No. 10-61606-CIV, 2011 WL 3583754, at *3 (S.D. Fla. 2011) (Cohn, J.) (quoting *Lee v. Am. Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335 (S.D. Fla. 2000)).

Here, none of the costs listed by counsel are of the type authorized for reimbursement under 28 U.S.C. § 1920.   Counsel details the dates that costs were incurred for: 1) in-house photocopies, 2) Computer Legal Research Fees, 3) Mediator Deposit; 4) Parking during Mediation; and 5) Postage Stamps.   Defendant Childress has not explained how or why the in-house photocopies were "necessarily obtained for use in the case." Therefore, I do not find these costs taxable under the statute.   28 U.S.C. § 1920(4).   Furthermore, the other costs clearly do not fall into categories of costs that are taxable under the statute.   Accordingly, I do not find any of Defendant Childress' requested costs to be taxable in this case.

III.     CONCLUSION

For the reasons discussed above, I **RECOMMEND** that the District Court enter an Order **GRANTING IN PART and DENYING IN PART** the Motion (DE 83) and awarding Defendant Childress attorneys' fees of $20,947.50 and zero costs.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, United States District Judge.   Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained

in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

      **DONE AND SUBMITTED** in Fort Lauderdale, Florida this 7th day of October 2020.

 

Jared M. Strauss
United States Magistrate Judge

Copies furnished to:

Honorable Rodolfo A. Ruiz

All Counsel of Record