UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-61153-RUIZ/STRAUSS

**DRONE NERDS FRANCHISING, LLC,**

    Plaintiff,

v.

**KRISS CHILDRESS,** *et al.***,**

    Defendants.
_____/

**KRISS CHILDRESS,**

    Counter-Plaintiff,

v.

**DRONE NERDS FRANCHISING, LLC,**

    Counter-Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PROCEEDINGS SUPPLEMENTARY (DE 94)

**THIS CAUSE** comes before me upon the Motion to Permit Counter-Plaintiff/Judgment Creditor Kriss Childress [("Judgment Creditor's")] to Initiate Proceedings Supplementary ("Motion") (DE 94). The District Court has referred the Motion to me to take all action as required by law pursuant to 28 U.S.C. section 636(b)(1)(A) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida. (DE 96). I have reviewed the Motion and the record and am otherwise duly advised. No response has been filed. For the reasons stated herein, the Motion is **GRANTED IN PART AND DENIED IN PART**.

On May 19, 2020, this Court entered a Final Default Judgment stating, in relevant part, that the Judgment Creditor "shall recover from Drone Nerds [Franchising, LLC ("Judgment Debtor")] the sum of $455,752,22, for which let execution issue." (DE 82). On November 9, 2020, this Court entered a Final Judgment for Attorney's Fees stating, in relevant part, that Judgment Creditor "shall recover from [Judgment Debtor] his reasonable attorneys' fees in the amount of $20,947.50, for which let execution issue." (DE 90). On June 25, 2021, Judgment Creditor filed the instant Motion pursuant to Fed. R. Civ. P. 69 and Fla. Stat. § 56.29(1) asserting the Judgment Creditor has been left without an ability to collect "due to the fact that [Judgment Debtor] has no assets and is merely a shell." (DE 94 at 3). Judgment Creditor also asserts that it "is entitled to proceed supplementary because [Drone Nerds, Inc. ("DNI")] is the alter ego of [Judgment Debtor] and should be treated as the same entity as the [Judgment Debtor]." (DE 94 at 6). The Motion requests that the Court issue an Order as follows:

> (a) Permitting [Judgment Creditor] to initiate Proceedings Supplementary pursuant to Fla. Stat. § 56.29,
>
> (b) Deem the Impleader Complaint attached hereto as filed, and
>
> (c) Award [Judgment Creditor] its reasonable attorneys' fees and costs for these proceedings pursuant to Fla. Stat. § 56.29(11) and § 57.115, and
>
> (d) For such other and further relief as this Court deems just and proper.

(DE 94 at 3-4, 12).

"Under Fed. R. Civ. P. 69, state law concerning supplementary proceedings to enforce a judgment will govern to the extent that it is not preempted by federal law." *Gen. Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1496 (11th Cir. 1997) (internal quotation marks and citations omitted). "[S]ection 56.29, Florida Statutes, provides the practice and procedure for proceedings supplementary." *Pronman v. Styles*, No. 12-80674-CIV, 2016 WL 8609959, at *5

(S.D. Fla. Nov. 8, 2016), *report and recommendation adopted*, No. 12-80674-CIV, 2017 WL 1173551 (S.D. Fla. Mar. 27, 2017).  Entitlement to proceedings supplementary is determined pursuant to Fla. Stat. § 56.29(1), which states:

> When any judgment creditor holds an unsatisfied judgment or judgment lien obtained under chapter 55 [(governing judgments)], the judgment creditor may file a motion and an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, and thereupon the judgment creditor is entitled to these proceedings supplementary to execution.

Fla. Stat. § 56.29(1).  *See also W.P. Prods., Inc. v. Tramontina U.S.A., Inc.*, No. 18-CV-63162, 2021 WL 1907029, at *1 (S.D. Fla. May 12, 2021).

In other words, "[t]o initiate proceedings supplementary, section 56.29(1) requires that the judgment creditor have an unsatisfied judgment and file an affidavit averring that the judgment is valid and outstanding." *Longo v. Associated Limousine Servs., Inc.*, 236 So. 3d 1115, 1119 (Fla. 4th DCA 2018).  "The same applies when third parties are [to be] impleaded, in which case, the affidavit should also list the parties to be impleaded." *Pucci v. May-Wong Chou*, No. 3D20-0978, 2021 WL 1555283, at *1 (Fla. 3rd DCA Apr. 21, 2021), *reh'g denied* (May 28, 2021).  "Given that supplementary proceedings are 'equitable in nature,' courts tend to interpret such statutes liberally to ensure that a judgment creditor receives the most complete relief possible without the necessity of initiating a separate action." *Yuetter-Beacham v. Med. Career Inst. of S. Fla., Inc.*, No. 15-80226-CV, 2016 WL 11547576, at *1 (S.D. Fla. Dec. 2, 2016), *report and recommendation adopted*, No. 9:15-CV-80226, 2016 WL 11547501 (S.D. Fla. Dec. 20, 2016) (internal quotation marks and citation omitted).

Here, Judgment Creditor has submitted an affidavit (DE 94-1) identifying the two judgments entered by this Court (DE 82; DE 90) that it holds against Judgment Debtor.  Additionally, the affiant attests that, after various post-judgment collection efforts, the entire

amount of each of the two judgments remains unsatisfied. (DE 94-1 at ¶5). Therefore, affiant attests that he is "entitled to Proceedings Supplementary pursuant to Florida Statute § 56.29 [and] to implead DNI as an additional party to the[ ] post-judgment collection proceedings to collect [his] judgment based on an alter ego theory." *Id.* at ¶6. I find that Judgment Creditor has satisfied the statutory prerequisites of § 56.29(1) and is, therefore, entitled to the commencement of proceedings supplementary. *See also Longo*, 236 So. 3d at 1119 ("Upon a showing of the statutory prerequisites, the court has no discretion to deny the motion." (citation omitted)).

Additionally, to hold DNI liable for the judgment pursuant to an alter ego theory, "the proper course of action is for [Judgment Creditor] to file and serve an impleader complaint." *SMS Fin. J, LLC v. Cast-Crete Corp.*, No. 818MC00008CEHJSS, 2018 WL 1726434, at *2 (M.D. Fla. Apr. 10, 2018) (citing *Branch Banking & Tr. Co. v. Hamilton Greens, LLC*, No. 16–15186–BB, 2017 WL 3393352, at *1 (11th Cir. June 6, 2017) (acknowledging judgment creditor's effort to "amend its supplementary complaint against [third parties] . . . to invoke the district court's general diversity jurisdiction under 28 U.S.C. § 1332, rather tha[n] the court's more limited ancillary jurisdiction under Fla. Stat. § 56.29")). Here, Judgment Creditor includes in his Motion a 312-page Impleader Complaint that is one of ten (10) exhibits attached to the 666-page Motion. (DE 94-3). Accordingly, for purposes of clarity with respect to the proceedings, Judgment Creditor should separately file his complaint.

Judgment Creditor also requests an award of attorney's fees; however, an Order to initiate proceedings supplementary does not determine any substantive rights. *See Longo*, 236 So. 3d at 1118. Thus, while Judgment Creditor may seek fees and costs as part of his complaint, his request for a determination on such relief at this stage of the proceedings is premature.

Accordingly, it is hereby

**ORDERED and ADJUDGED** that the Motion (DE 94) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. To the extent that Judgment Creditor seeks to commence proceedings supplementary, the Motion is **GRANTED**;

2. Judgment Creditor's request to deem the Impleader Complaint attached to the Motion as filed is **DENIED**. Rather, Judgment-Creditor shall separately file his Impleader Complaint **on or before August 2, 2021**; and

3. Judgment Creditor's request for an award of attorney's fees and costs is **DENIED WITHOUT PREJUDICE**. Judgment Creditor may pursue an award of attorney's fees and costs as part of his complaint.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 26th day of July 2021.

Jared M. Strauss
United States Magistrate Judge